DAVID G. TORRES-SIEGRIST State Bar No. 220187
**TORRES┼SIEGRIST Law, APC**
440 East Huntington Drive
Suite 300
Arcadia, CA 91006
Phone:      (626) 277-5330
Facsimile:  (626) 446-8927
*dgts@icloud.com*

**Attorneys for Defendant, DCSN INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LLOYD MOSLEY** | **Case No.: 2:26-cv-02035-SPG-E** |
| Plaintiff, | |
| **v.** | **DCSN INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| **DCSN INC.; and DOES 1 through 20, inclusive,** | |
| Defendants. | |
| | Hon. Sherilyn Peace Garnett, U.S. DISTRICT COURT JUDGE |

**TO THE HONORABLE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendant, DCSN, INC. (hereinafter "Defendant") answers Plaintiff's Complaint for Damages for themselves and for no other parties in the above-entitled

1

**ANSWER**

action and hereby admit, deny and allege as follows:

## GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies each and every allegation in the Complaint, and each purported claim therein, and denies that Plaintiff is entitled to any relief whatsoever, except as expressly admitted herein

## RESPONSES TO ALLEGATIONS

In response to the individually numbered paragraphs of the Complaint, Defendant admits, denies, and alleges as follows:

## "FIRST CAUSE OF ACTION BY PLAINTIFF AGAINST ALL DEFENDANTS FOR VIOLATION OF CIVIL CODE SECTION 51"

1. Answering this paragraph 1, Defendants admit that Plaintiff pled the allegations contained therein in his complaint.

2. Answering this paragraph 2, Defendant admits that DCSN, Inc. operates a restaurant and leases the building.

3. Answering this paragraph 3, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

4. Answering this paragraph 4, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

5. Answering this paragraph 5, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

6. Answering this paragraph 6, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

TORRES ╪ SIEGRIST

**ANSWER**

TORRES + SIEGRIST

7. Answering this paragraph 7, Defendant admits that DCSN, Inc. operates a restaurant.

8. Answering this paragraph 8, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

9. Answering this paragraph 9, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

10. Answering this paragraph 10, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

11. Answering this paragraph 11, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

12. Answering this paragraph 12, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

13. Answering this paragraph 13, Defendant denies the allegations contained therein.

14. Answering this paragraph 14, Defendant denies any violation.  As to the remaining factual allegations, Defendant lacks sufficient information and belief upon which to answer the remaining allegations contained therein, and on that basis denies the allegations.

15. Answering this paragraph 15, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

**ANSWER**

16. Answering this paragraph 16, Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis deny the allegations.

17. Answering this paragraph 17, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

18. Answering this paragraph 18, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

19. Answering this paragraph 19, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

20. Answering this paragraph 20, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

21. Answering this paragraph 21, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

22. Answering this paragraph 22, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

23. Answering this paragraph 23, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

24. Answering this paragraph 24, Defendant lacks sufficient information and belief upon which to answer factual allegations contained therein, and on that basis denies the allegations.

**ANSWER**

25. Answering this paragraph 25, which incorporates by reference the allegations in the preceding paragraphs of the Complaint, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

## AFFIRMATIVE DEFENSES

26. As separate and distinct affirmative defenses, Defendant alleges each of the following:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

27. The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

28. Plaintiff lacks standing under Article III of the United States Constitution because Plaintiff cannot establish an injury in fact, a real and immediate threat of repeated future injury, or a genuine intent to return to the subject property.

### THIRD AFFIRMATIVE DEFENSE

### (Mootness)

29. One or more of the alleged barriers identified in the Complaint have been corrected, removed, or otherwise remediated, and Plaintiff's claims for injunctive relief are therefore moot, in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

30. The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

5

**ANSWER**

**(Failure to Mitigate)**

31. Plaintiff's claims are barred or reduced because Plaintiff failed to take reasonable steps to mitigate any alleged loss, injury, or damages.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Denial of Full and Equal Access)**

32. Plaintiff was not denied full and equal access within the meaning of Title III of the Americans with Disabilities Act.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Barrier in Violation of Applicable Standards)**

33. The elements, features, conditions, or circumstances alleged in the Complaint do not constitute barriers to access in violation of the ADA or any applicable implementing regulations or standards.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Readily Achievable)**

34. Removal of any alleged barrier identified in the Complaint was not readily achievable within the meaning of 42 U.S.C. § 12182(b)(2)(A)(iv).

**NINTH AFFIRMATIVE DEFENSE**

**(Structural Impracticability / Technical Infeasibility)**

35. The modifications, alterations, or remedial measures sought by Plaintiff are barred, in whole or in part, because they are structurally impracticable, technically infeasible, or otherwise not required by applicable law.

**TENTH AFFIRMATIVE DEFENSE**

**(Undue Burden)**

36. The remedial measures sought by Plaintiff would impose an undue burden, significant difficulty, or significant expense on Defendant within the meaning of applicable law.

6

**ANSWER**

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Fundamental Alteration)**

37. The relief sought by Plaintiff would require a fundamental alteration in the nature of the goods, services, facilities, privileges, advantages, or accommodations allegedly offered by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Equivalent Facilitation / Alternative Methods of Access)**

38. Any alleged noncompliance, if proven, is excused or otherwise does not entitle Plaintiff to relief because Defendant provided equivalent facilitation or other reasonable alternative methods of access where permitted by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Safe Harbor)**

39. One or more of the conditions identified in the Complaint are protected by the safe harbor provisions of applicable accessibility regulations, including, without limitation, 28 C.F.R. § 36.304(d), to the extent applicable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

40. Plaintiff's alleged injuries, loss, or damages, if any, were caused by factors other than any act or omission of Defendant, and therefore Plaintiff is barred from recovery, in whole or in part.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Legally Cognizable Injury)**

41. Plaintiff has not suffered any legally cognizable injury as a result of any act or omission by Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Damages Under Title III)**

42. Plaintiff is not entitled to compensatory damages, general damages, or punitive damages under Title III of the Americans with Disabilities Act.

ANSWER

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorney's Fees Except as Provided by Law)

43. Plaintiff is not entitled to attorney's fees, costs, or litigation expenses except to the extent expressly authorized by statute and only upon proper proof.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

44. Defendant presently lacks sufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, affirmative defenses may be available. Defendant therefore reserves the right to amend this Answer to assert additional defenses as they become known through investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That the Complaint be dismissed with prejudice to the extent permitted by law;
3. That judgment be entered in favor of Defendant and against Plaintiff;
4. That Plaintiff be denied the relief requested in the Complaint;
5. That Defendant recover its costs of suit to the extent permitted by law;
6. That Defendant recover attorney's fees to the extent permitted by law; and
7. That the Court award such other and further relief as it deems just and proper.

///
///
///

8

**ANSWER**

## DEMAND FOR JURY TRIAL

Defendant demands jury as to all claims so triable.

Date: March 9, 2026

TORRES † SIEGRIST

By: _____

**DAVID G. TORRES-SIEGRIST**
**Attorneys for Defendant**

9

**ANSWER**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

**TORRES⏐SIEGRIST**

**Date: March 9, 2026**                    **By:**_____

                                     **DAVID G. TORRES-SIEGRIST**
                                     **Attorneys for Defendant**

1

**CERTIFICATE OF ECF SERVICE**